Eastern District.
*January*, 1830.

BAUDUC
*vs.*
DOMINGON&AL

---

*BAUDUC vs. DOMINGON, and AL.*

A defendant may be cited, tho' the petition does not contain a rayer to that effect.
A supplemental petition, ask-

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. This appeal is taken from a decision

of the inferior court, refusing the plaintiff permission to amend his petition, and dissolving an injunction which had issued thereon. The judge considered the amendment to be contrary to the original demand, and to have altered its substance.

Eastern District.
*January*, 1830.

BAUDUC
*vs.*
DOMINGON&AL

ing more than the original, does not alter the substance of the latter.

When a cause comes up on exceptions, the appellate court can only notice those pleaded below.

The action is a personal one. The ground of it, as laid in the original petition, is moneys due by the defendant Domingon: *first*, as a partner in the late firm of Ducayet and Domingon, for payments made on its account by the petitioner; and *second*, for the deficit in the affairs of a partnership which had existed between the plaintiff and defendant, under the style of Bauduc & Domingon.

The answer contains a general denial—reconvenes the plaintiff, and prays for judgment against him for a sum of money which it alleges he owes the defendant.

The supplemental, or amended petition, after denying the facts contained in the defendant's demand in reconvention, proceeds to state, that since the filing of the original petition, the plaintiff had discovered several other defects in the affairs of Bauduc & Domingon, which he prayed permission to join to his first demand.

BAUDUC
*vs.*
DOMINGON&AL

To this ground of liability, the plaintiff adds, that part of the moneys due by the defendant had been invested by him in the purchase of a house and lot, and three slaves, which he conceals under the name of Felicite Aubry, his concubine; and as the moneys belonged to the two firms of Ducayet & Domingon, and Bauduc & Domingon, the deficit in whose affairs had been made up by the petitioner, he had a lien on the property.

The petition proceeds to state, that the plaintiff has strong reasons to believe and to fear, that Felicite Aubry, who is in possession of the property already mentioned, may sell, mortgage, or otherwise dispose of it during the pendency of the suit, to the injury of the petitioner's rights. It concludes with a prayer that she may be enjoined from doing so, until this action can be decided.

To this petition Domingon excepted, and averred that he was not obliged to answer it, because it altered the substance of the plaintiff's demand.

Aubry also filed the following exceptions:

1. That in the proceedings of said plaintiff, he does not pray the court to be permitted to cite said Felicite Aubry, as the law especially directs.

2. That no where in the said proceedings is the said Aubry cited to appear

3. That as she is mentioned only in the amended and supplemental petition, which must be set aside, being filed in direct contravention to law, as containing matters which alter the substance of the original petition, she cannot be considered as regularly before the court.

I. and II. There is a prayer in the proceedings, for service of the writ of injunction on Felicite Aubry. The petition, it is true, does not contain a request she should be cited, but we do not conceive the want of this formality vitiates the citation which was duly served on her to appear and answer the petion. The clerk might, perhaps, not have been liable to an accusation of negligence or misconduct, had he neglected to cite the defendant; but as the petition concluded with a prayer affecting her rights, he committed no error in issuing a citation, and she, in our opinion, has no cause of complaint at his having done so. The provisions of the code of Pratice, (*art*. 171,) defining what a petition is, cannot be understood as an expression of legislative will, a non-compliance of any part of which, imports nullity. The

Eastern District,
*January*, 1830.

BAUDUC
*vs.*
DOMINGON&AL

BAUDUC
*vs.*
DOMINGON & AL

manner in which the plaintiff asks the judge for citation, is more a matter between him and the court, than between him and the defendant. All that it behoves the latter to see, is, that he is duly cited.

III. The substance of the original petition was not changed by the amendment. One of the tests for ascertaining this, is to enquire, whether the matters contained in the two petitions might not have been cumulated in one, and of this there can be no doubt. The 151st article of the code of practice provides that, if the plaintiff has several causes of action, tending to the same conclusion, not contrary to, nor exclusive of, each other, he may cumulate and bring them in the same suit. Now, in the instance before us, the plaintiff might well have brought these demands in the same petition: for the matter set forth in the supplemental, grows out of that in the original, is cumulated with it, and has for its object the giving of greater efficacy to the judgment originally asked for. There may be, it is true, cases joined in one action, which could not, perhaps, be presented in the shape of amendment, but we are satisfied this is not one of them. It is true

Eastern District.
*January*, 1830.

BAUDUC
*vs.*
DOMINGON&AL

the supplemental petition asks for more than the original; if it did not make some change, there would be no necessity for it; but it does not alter the *substance* of the demand. That, at first, was for judgment against the defendant for moneys due; now, it is for conservatory measures to give efficacy and effect to the judgment. This changes the mode of relief, but in no means alters the substance of the demand, which was, to have a judgment against the defendant that might restore to the plaintiff what was due to him, for the causes set out in the petition. The amendment only indicates to the court the measures necessary to accomplish this end.

Another objection was made in argument, namely: the want of allegation, in the supplemental petition, that the defendant was insolvent. But this ground was not pleaded below, and when a cause comes up here on exceptions, we cannot notice any others but those which were placed in writing before the court of the first instance, as the law directs.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that

Eastern District. the exceptions filed in this case, be overruled
January, 1830. and set aside; that the case be remanded, to

BAUDUC
*vs.*
DOMINGON&AL

be proceeded in according to law, and that
the appellees pay the costs of this appeal.

*Seghers* for plaintiff, *Canon* for defendants.

---

No proceedings
can be had in the
inferior court,
while the case is
pending before
the appellate
court; even after
judgment above,
till the expiration
of three judicial
days.